UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NORTHERN MARINE UNDERWRITERS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> FBI EXPRESS, INC., FREIGHT BROKERS, INC., P AND G TRANSPORT, AND JAMCO, <br><br> Defendants. | § § § § § § § § § § § § CIVIL ACTION NO. H-08-2549 |

## MEMORANDUM AND ORDER

Pending before the Court are Defendant JAMCO International's ("JAMCO") Motion to Dismiss (Doc. No. 7) and the Motion for Summary Judgment of Defendants Freight Brokers, Inc. and FBI Express, Inc. (Doc. No. 19.) Having considered the Motions, all responses thereto, and the applicable law, the Court finds that JAMCO's Motion to Dismiss should be granted, and the Motion for Summary Judgment of Defendants Freight Brokers, Inc. and FBI Express, Inc. on Plaintiff's claims should be granted in part. The other motions before the Court will be addressed in a subsequent Order.[1]

### I. BACKGROUND

Plaintiff, a British company, is the insurer of Richard Haworth, Ltd. ("Haworth"), a company based in England. Haworth hired Defendants FBI Express, Inc. ("FBI Express") and/or Freight Brokers, Inc. ("Freight Brokers") to transport 462 rolls of fabric from South Carolina to San Pedro Cholula Pue, Mexico. On information and belief, Plaintiff asserts that these Defendants subcontracted carriage of the fabric to Defendant P&G Transport ("P&G").

---

[1] In addition, Plaintiff's Motion for Leave to File (Doc. No. 62) is **DENIED AS MOOT** and Plaintiff's Objection to Defendants' untimely reply (Doc. No. 47) is **GRANTED** and the Reply stricken.

1

On September 10, 2007, Plaintiff allegedly delivered the fabric in good order and condition to Defendants Freight Brokers, FBI Express and P&G. (Pl. Am. Compl. ¶ 7.) Defendants purportedly issued a through bill of lading on or about September 10. (*Id.* at ¶ 7.) JAMCO received the fabric in Laredo, Texas, and agreed to deliver it to San Pedro Cholula Pue, Mexico. (*Id.* at ¶ 8.) The fabric was stolen in Mexico prior to delivery. Plaintiff claims a loss up to or exceeding $140,000 as insurer of the parties damaged by the loss of the fabric. (*Id.* at ¶ 11.) Plaintiff asserts actionable damages under the Carmack Amendment, 49 U.S.C. § 14706, breach of bailment obligations, and negligence. Plaintiff asks for damages, litigation costs and fees, and interest.

## II. MOTION TO DISMISS

### A. Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6) (2008). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007)).

### B. Carmack Amendment Claims

JAMCO and the FBI Defendants[2] claim that Plaintiff's Carmack Amendment claim does not apply to damage or loss of cargo occurring outside the United States. Plaintiff responds that the Carmack Amendment applies to the claim at issue under 49 U.S.C. § 14706(a)(1)(C).

A shipper seeking damages from a carrier for injury to a shipment makes out a *prima facie* case under the Carmack Amendment by showing (1) that the goods were delivered to the carrier in good condition; (2) that the goods were delivered by the carrier back to the shipper in damaged condition, or not at all; and (3) the amount of damages. *Missouri Pac. R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138 (1964); *Hoskins*, 343 F.3d at 778; *United Van Lines, LLC v. Marks*, 404 F.Supp.2d 954, 958 (S.D. Tex. 2005). The Carmack Amendment attempts to "relieve shippers of the burden of searching out a particular negligent carrier from among the often numerous carriers handling an interstate shipment of goods" by, in most cases, allowing the shipper to recover from either the delivering carrier or the carrier issuing the bill of lading. *See Sompo Japan Ins. Co. of America v. Union Pacific R. Co.*, 456 F.3d 54, 58 (2d Cir. 2006) (quoting *Reider v. Thompson*, 339 U.S. 113, 117 (1950)). Plaintiff has made out a prima facie case if the Carmack Amendment applies to these carriers and to this shipment. It allegedly delivered the fabric in good condition to Defendants, it was stolen, and Plaintiff claimed losses of up to or exceeding $140,000. Plaintiff also notes that it has complied with all preconditions to suit under the Carmack Amendment.

To understand whether the Carmack Amendment applies, the Court must make two inquiries: (1) whether the shipment is covered by the Amendment and (2) whether the carrier is covered by the Amendment. *See Rexroth Hydraudyne B.V. v. Ocean World Lines, Inc.*, 547 F.3d 351, 359-60 (2d Cir. 2008). A carrier held liable to a shipper under a through bill of lading may seek compensation from another carrier responsible for the loss. *Temple Steel*, 211 F.3d at 1030.

---

[2] The FBI Defendants pursue this argument in their Motion for Summary Judgment, but a claim may be summarily dismissed for lack of subject matter jurisdiction at any point, and their argument depends on the same analysis of the Carmack Amendment; therefore, the Court addresses this argument here.

JAMCO argues that, because the jurisdiction of the Secretary of Transportation and the Surface Transportation Board only extends to the shipment to the extent it is in the United States, the Carmack Amendment does not apply in this case because it is undisputed that the theft occurred in Mexico. The Carmack Amendment specifically provides:

> A carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading and, except in the case of a freight forwarder, applies to property reconsigned or diverted under a tariff under section 13702.

49 U.S.C. § 14706(a)(1). A "through bill of lading" is one that covers the entire shipment from the point of origin to destination, even though different carriers may be used to perform various segments of the shipment.[3] *Commercial Union Ins. Co. v. Sea Harvest Seafood Co.*, 251 F.3d 1294, 1302 (10th Cir. 2001); *Mapfre Tepeyac, SA v. Robbins Motor Transp., Inc.*, No. H-05-1908, 2006 WL 3694502, at *3 (S.D. Tex. Dec. 13, 2006).

The jurisdictional provisions mentioned (subchapter I and III of chapter 135) are as follows:

> the Secretary has jurisdiction ... over transportation by motor carrier and the procurement of that transportation ... between a place in the United States and a place in a foreign country to the extent the transportation is in the United States.

49 U.S.C. § 13501(1)(E) (subchapter I), and the Surface Transportation Board has jurisdiction over freight forwarders for transportation "to the extent transportation is provided in the United States and is ... between a place in the United States and a place outside the United States." 49 U.S.C. § 13531(a)(3) (subchapter III).

---

[3] Whether a shipment is governed by a through bill of lading is a question of fact. *American Road Serv. Co. v. Consolidated Rail Corp.*, 348 F.3d 565, 568 (6th Cir. 2003); *Capitol Converting Equipment, Inc. v. LEP Transport, Inc.*, 965 F.2d 391, 394 (7th Cir. 1992).

The Carmack Amendment applies to the shipment in this case. The shipment of the fabric from Texas to Mexico was an international shipment partially in the United States, allegedly governed by a through bill of lading. Whether the Amendment applies is determined by the intended final destination of the shipment at the time the shipment is commenced. *Project Hope v. M/V IBN SINA*, 250 F.3d 67, 74 (2d Cir. 2001) (holding that the reach of the Carmack Amendment depends on the jurisdiction of the Surface Transportation Board). Where, as here, there was a through bill of lading for a shipment from the United States to Mexico, this shipment is subject to the Carmack Amendment to the extent it is in the United States.

Whether the Carmack Amendment governs Plaintiff's claims against JAMCO and the FBI Defendants is a separate question. The Court concludes that it does not because of the clear statutory language limiting the Carmack Amendment to claims that arise from shipments "to the extent the transportation is in the United States" or "is provided in the United States."

The Court notes that several other courts, including a sister court, have concluded that the Carmack Amendment applies to losses occurring in Mexico or Canada through U.S.-initiated transportation under a through-bill of lading. The Court, however, does not find their holdings persuasive or controlling. *See, e.g., Sec'y Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83-84 (2d Cir. 2004) (reversing and remanding the district court's order, that applied the Amendment to a shipment interrupted by a theft at the Canadian border because material fact issues precluded summary judgment, without discussion of the jurisdictional provisions); *Apparel Production Services, Inc. v. Indiana Transport*, L-08-26, L-08-62, 2009 WL 890275, at *2 (S.D. Tex. Mar. 28, 2009) (holding that a carrier's liability for damages in a foreign country under the Carmack Amendment depends on whether the goods were transported under a through bill of lading, but holding that the Carmack Amendment did not apply because no bill of lading was issued). *See also Mexican Light & Power Co. v. Texas Mexican Ry. Co.*, 331 U.S. 731, 735 (1947) (holding that

the initial carrier was the issuer of the bill of lading such that defendant, a subsequent carrier, was not liable under the Amendment for damages to the goods in Mexico)[4]; *Tempel Steel Corp. v. Landstar Inway, Inc.*, 211 F.3d 1029, 1030 (7th Cir. 2000) (holding, without discussion of the jurisdictional provisions, that, under the Amendment, a carrier that transports goods to a foreign country under one bill of lading is responsible for all damage, even damage while the goods are transported by another carrier); *Arkansas Aluminum Alloys, Inc. v. Emerson Electric Co.*, No. 6:07-cv-06074-RD, 2007 WL 4510366, *3 (W.D. Ark. Dec. 18, 2007) (holding, without discussing the jurisdictional provisions, that the Carmack Amendment applies to shipments made to Mexico under a through bill of lading; some of the cargo was missing on arrival in Mexico, but it was unclear where the damage occurred). None of these cases is binding,[5] except for *Mexican Light & Power*, and it is distinguishable because the Supreme Court did not hold that the Carmack Amendment was applicable to damage that occurred in Mexico; rather, it held that the subsequent carrier was not liable because no further bill of lading had been issued to displace the liability of the initial carrier.[6]

---

[4] The ICC's jurisdiction was initially over shipments "from or to any place in the United States to or from a foreign country, but only insofar as such transportation or transmission takes place in the United States." 49 U.S.C. § 1 (1947). At the time, the provision governing liability for railroads 20(11) "appl[ied] with respect to common carriers by motor vehicle with like force and effect as in the case of those persons to which such provisions are specifically applied." 49 U.S.C. § 319 (1947).

[5] Plaintiff also cites a state court case that is similarly non-binding and has no discussion of the Secretary's jurisdiction. *Celadon Trucking Services, Inc. v. Titan Textile Co., Inc.*, 130 S.W.3d 301, 304 & n.5 (Tex. App.—Houston [14 Dist.] 2004, no pet.) (holding that the Carmack Amendment applied to a shipment from South Carolina to Mexico when both parties agreed that their contract established the Carmack Amendment as the controlling law for their conduct).

[6] In addition, *Mexican Light & Power* is distinguishable because the cause of action arose under an earlier version of the Carmack Amendment. In 1947, the Carmack Amendment read:

> "Any common carrier ... receiving property for transportation ... from any point in the United States to appoint in an adjacent foreign country shall issue a receipt or bill of lading therefore, and shall be liable to the lawful holder thereof for any loss, damage or injury to such property caused by it or by any common carrier ... to which such property may be delivered or over whose line or lines such property may pass within the United States or within an adjacent foreign country transported on a through bill of lading."

49 U.S.C. § 20(11) (1946). The Court notes that Congress indicated that the 1978 codification of the Carmack Amendment (largely the law today), was intended to leave the law substantively unchanged. *See, e.g. Sompo Japan Ins. Co.*, 456 F.3d at 64; *In re Roll Form Prods., Inc.*, 662 F.2d 150, 153 & n.3 (2d Cir. 1981) (citing H.R. Rep. No. 1395, 95th Cong., 2d Sess. 9 (1978), *reprinted in* 1978 U.S.C.C.A.N. 2009, 3018). The Court does not defer to legislative pronouncements however, and will apply the plain language of the statute as it reads today.

Other cases limit the Carmack Amendment to the domestic transportation of the shipment, although these cases apply to shipments from non-adjacent foreign countries or shipments from Mexico to the United States.[7] *See Sompo Japan Ins. Co.*, 456 F.3d at 68 (holding that the Carmack Amendment applied to the domestic leg of a shipment from Japan); *Berlanga v. Terrier Transportation, Inc.*, 269 F. Supp.2d 821 (N.D. Tex. 2003) (holding that the Carmack Amendment applied to the domestic leg of a delivery from Mexico to Texas); *Kyodo U.S.A., Inc. v. Cosco North America, Inc.*, No. 01-cv-499, 2001 WL 1835158, at *5 (C.D. Cal. July 23, 2001). In light of the clear statutory language limiting the Carmack Amendment to transportation in the United States, the Court finds the reasoning of the immediately preceding cases persuasive and holds that Plaintiff does not have a claim against JAMCO under the Carmack Amendment because the damage occurred in Mexico (and moreover, JAMCO did not issue a bill of lading for the shipment).[8] The Court, in light of the clear statutory language limiting the Carmack Amendment to claims that arise in the domestic leg of foreign shipments, holds, that Plaintiff has no Carmack Amendment claim against the Defendants. This holding does not, however, release them from liability because Plaintiffs' state law causes of actions may still be valid.

### III. CONCLUSION

---

[7] These cases discuss rail carriers, but the jurisdictional provisions are identical. *Compare* 49 U.S.C. § 10501(2)(F) ("jurisdiction ... applies only to a transportation in the United States between a place in the United States and a place in a foreign country") *with* 49 U.S.C. § 13501(1)(E).

[8] The Court also notes that, in a separate provision governing transportation between Alaska and other states, Congress specified that complying with some domestic regulation was required as a precondition to traveling inside the U.S:

> To the extent that transportation by a motor carrier between a place in Alaska and a place in another State under section 13501 is provided in a foreign country—
> **(1)** neither the Secretary nor the Board has jurisdiction to impose a requirement over conduct of the motor carrier in the foreign country conflicting with a requirement of that country; but
> **(2)** the motor carrier, as a condition of providing transportation in the United States, shall comply, with respect to all transportation provided between Alaska and the other State, with the requirements of this part related to rates and practices applicable to the transportation.

49 U.S.C. § 13502. In the general grants of jurisdiction, no similar language governs transportation to adjacent countries when not traveling to Alaska.

Defendant JAMCO's Motion to Dismiss (Doc. No. 7) is **GRANTED**. FBI Defendants' Motion for Summary Judgment (Doc. No. 19) is **GRANTED** as to Defendants' contention that the Carmack Amendment does not apply and **DENIED AS MOOT** as to the other arguments addressing the Carmack Amendment. The other arguments and other motions will be addressed in a subsequent Order, assuming the Court has jurisdiction over those claims.

The Court has dismissed all claims over which it had original jurisdiction. As the parties may be completely diverse, however, the Court may have jurisdiction pursuant to 28 U.S.C. § 1332 over Plaintiffs' remaining claims against Defendants and JAMCO's cross-claims against the FBI Defendants. If the parties are not completely diverse as to these two sets of claims, the parties are requested to file with the Court a Notice to this effect by April 24, 2009.

**IT IS SO ORDERED.**

SIGNED this 20th day of April, 2009.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**