UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NORTHERN MARINE UNDERWRITERS, LTD., <br><br> Plaintiff, <br> v. <br><br> FBI EXPRESS, INC., FREIGHT BROKERS, INC., P AND G TRANSPORT, AND JAMCO, <br><br> Defendants. | § § § § § § § § § § § § § CIVIL ACTION NO. H-08-2549 |

## MEMORANDUM AND ORDER

Before the Court is Defendant JAMCO International's ("JAMCO") Motion for § 1404(a) Intra-District Transfer. (Doc. No. 8.) Having carefully considered the Amended Complaint, the Motion, all responses thereto, and all applicable law, the Court finds that Defendant's Motion for Transfer should be denied.

### I. MOTION TO TRANSFER

The relevant facts are explained in the Court's Order of April 20, 2009. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

#### A. Standard

JAMCO asks the Court to transfer the case to the Laredo Division under 28 U.S.C. § 1404(a).[1] Defendants FBI Express, FBI ("FBI Defendants"), P&G Transport ("P&G"), and Plaintiff oppose the transfer because they assert that JAMCO failed to provide sufficient evidence to support its motion. Under § 1404(a), a correctly filed case may be transferred to another proper venue "[f]or the convenience of parties and witnesses, in the interest of justice." All parties have appeared in this case, and some of the events and occurrences related to the shipment occurred in

---

[1] JAMCO initially asked for a transfer under § 1404(b), but conceded this was in error and reasserted its request under § 1404(a). (Doc. No. 33.)

1

the Southern District of Texas. Venue is proper in the Southern District of Texas in either division. 28 U.S.C. § 1391. The Court must now decide whether the case should be transferred.

JAMCO, as the movant under Section 1404(a), bears the burden of establishing the propriety of the transfer. *In re: Volkswagen of America, Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc). The movant must "show good cause." *Id.* (citing *Humble Oil & Ref. Co. v. Bell Marine Serv.*, 321 F.2d 53, 56 (5th Cir. 1963)). Good cause means that "a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.' Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315 (distinguishing the heavier burden of the *forum non conveniens* standard where the movant must show that the factors "substantially outweigh" the plaintiff's choice of venue). A plaintiff's choice of forum is given more deference when he has chosen his home forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981).

The Supreme Court set forth private and public factors to be weighed in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), and reaffirmed them in *Piper*, 454 U.S. 235 (1981). The Fifth Circuit adopted the *forum non conveniens* factors for the § 1404(a) context. *Humble Oil*, 321 F.2d at 56; *In re Volkswagen*, 545 F.3d at 314 n. 9. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen*, 545 F.3d at 314 (citing *Piper Aircraft*, 454 U.S. at 241 n. 6). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

2

## B. Analysis

### 1. Private factors

The private *Gulf Oil* factors relate generally to the practical aspects of litigation such as cost and location of evidence and witnesses. JAMCO asks to transfer the case to the Laredo Division because it is located nearer most of the anticipated fact witnesses. In addition, because the subpoena power of the Court does not extend to Mexico, JAMCO argues that depositions of these witnesses would have to be scheduled in Nuevo Laredo. (Doc. No. 8, ¶ 8.) FBI Defendants and P&G argue that JAMCO has not identified any key witnesses, their places of residence, or the likely substance of their testimony.[2] They contend that the most important fact witnesses are the employees of Haworth, who live in London, England, and the investigators who conducted the inquiry of the hijacking, who live in Mexico City, Mexico. The parties are residents of England, California, and Texas. Plaintiff adds that key witnesses include those who can testify about the documents under which the shipment was made and about the issue of damages and none of these anticipated witnesses is located in or near Laredo.

As to factors one and three, many of the probable witnesses will have to travel more than 100 miles regardless of whether the Court keeps the case or transfers it to Laredo. Because the hijacking occurred in Mexico, some of the documents relevant to the accident investigation are likely located there or in Mexico City where an investigation allegedly took place. Given that this case will likely involve issues regarding the documents governing the shipment, and it is as yet unknown where most of the fact witnesses live and work, JAMCO has not demonstrated that Laredo is clearly more convenient for the appearance of willing witnesses or access to sources of

---

[2] In addition, the FBI Defendants note that the Plaintiff selected the Houston Division and that counsel for all parties are closer to Houston than Laredo. The convenience of counsel is not an appropriate consideration in the § 1404(a) analysis. *See In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004); *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir.), *cert denied*, 540 U.S. 1049 (2003).

3

proof. Moreover, as the FBI Defendants note, it is often easier and cheaper to reach Houston than Laredo by major airline. The Court finds that these factors weigh slightly in favor of Houston.

As to element two, many non-party witnesses are outside the Southern District's subpoena power, and perhaps that of the United States, regardless of the division selected. FED. R. CIV. P. 45(c)(3)(A)(ii). Further, trial subpoenas for many of the listed witnesses are subject to motions to quash in either of the divisions. FED. R. CIV. P. 45 (c)(3)(B)(ii) (allowing a motion to quash for a witness who would incur substantial expense to travel more than 100 miles to appear). JAMCO has not established that Laredo is more convenient for purposes of compulsory process. This case is therefore distinguishable from *Apparel Production Services Inc. v. Transportes De Carga Fema, S.A. de C.V.*, cited by JAMCO, because, in that case, most of the likely witnesses were located in either Laredo or Nuevo Laredo, the site of the theft. 546 F.Supp.2d 451, 454 (S.D. Tex. 2008).

As to element four, Defendant notes that Plaintiff has not provided any clear or convincing evidence of delay. Our sister courts have not found delay a significant problem when a case was only recently filed. *See, e.g., Apparel Production Services Inc. v. Transportes De Carga Fema, S.A. de C.V.*, 546 F.Supp.2d at 455; *Ray Mart, Inc. v. Stock Building Supply of Texas, LP*, 435 F.Supp.2d 578, 595 (E.D. Tex. 2006). In order to establish prejudice from delay, the party must establish the prejudice with clear and convincing evidence. *In re Horsehoe Entertainment*, 337 F.3d at 434. This case was filed in August 2008, JAMCO filed its Motion to Transfer in October, and the other parties responded in November. Although transfer might reset the trial setting, neither party has demonstrated that a delay of a few months in the trial setting clearly establishes prejudice such that this factor weighs in favor of a particular forum.

### 2. Public factors

The public factors set forth in *Gulf Oil* and *Piper* are, again: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3)

4

the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Piper*, 454 U.S. at 241 n. 6. JAMCO argues that Laredo has a local interest in the case because it is the largest in-land port in the United States and therefore is concerned with legal issues surrounding land transportation. The FBI Defendants contend that none of the public factors militates in favor of Laredo. P&G argues that the heavy criminal docket in Laredo weighs in favor of Houston. The Court has no reason to suspect that either forum has a superior ability to interpret the law applicable in a common law case, or one that possibly involves the application of Mexican law, or that the case will involve conflict of laws issues that either Division is better able to handle. The Court finds that the public factors are neutral.

Where, as here, Defendant has not met its burden of proving that the pertinent factors demonstrate that its chosen venue is clearly more convenient, the Court must respect Plaintiff's choice of venue, even though it is not its home forum, and deny discretionary transfer to the Laredo Division.

## II. CONCLUSION

JAMCO's Motion (Doc. No. 8.) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 27th day of April, 2009.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT