**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **NORTHERN MARINE** | § | |
| **UNDERWRITERS, LTD.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. H-08-2549** |
| | § | |
| **FBI EXPRESS, INC., FREIGHT** | § | |
| **BROKERS, INC., P AND G** | § | |
| **TRANSPORT, AND JAMCO,** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM AND ORDER**

Pending before the Court are the Motion for Summary Judgment (Doc. No. 19) of Defendants Freight Brokers, Inc. and FBI Express, Inc. and Plaintiff's Motion for Referral to ADR. (Doc. No. 50.) Having considered the Motions, all responses thereto, and the applicable law, the Court finds that the Motion for Summary Judgment of Defendants Freight Brokers, Inc. and FBI Express, Inc. on Plaintiff's claims should be denied and Plaintiff's Motion for Referral to ADR should be denied.

**I. BACKGROUND**

Plaintiff, a British company, is the insurer of Richard Haworth, Ltd. ("Haworth"), a company based in England. Haworth hired Defendants FBI Express, Inc. ("FBI Express") and/or Freight Brokers, Inc. ("Freight Brokers") to transport 462 rolls of fabric ("Shipment") from South Carolina to San Pedro Cholula Pue, Mexico. On information and belief, Plaintiff asserts that these Defendants subcontracted carriage of the fabric to Defendant P&G Transport ("P&G").

On September 10, 2007, Plaintiff allegedly delivered the fabric in good order and condition to Defendants Freight Brokers, FBI Express and P&G. (Pl. Am. Compl. ¶ 7.) Defendants purportedly issued a through bill of lading on or about September 10. (*Id.* at ¶ 7.) The FBI

1

Defendants contracted, on behalf of Haworth, with JAMCO to act as the customs broker for the Shipment. JAMCO received the Shipment in Laredo, Texas, and agreed to deliver it to San Pedro Cholula Pue, Mexico. (*Id.* at ¶ 8.) According to an investigation report submitted to the Court, the driver who took the Shipment through customs was intercepted by hijackers while in Mexico. The hijackers stole the truck and the Shipment and left the driver by the side of the road. Plaintiff claims a loss up to or exceeding $140,000 as insurer of the parties damaged by the loss of the fabric. (*Id.* at ¶ 11.) Plaintiff asserts causes of action for damages under the Carmack Amendment, 49 U.S.C. § 14706, breach of bailment obligations, and negligence. Plaintiff asks for damages, litigation costs and fees, and interest. The Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332.

## II. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### A. Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. FED. R. CIV. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Id.* Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. F.R.C.P. 56(e)(1); *See, e.g., Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *McIntosh v. Partridge*, 540 F.3d 315, 322 (5th Cir. 2008); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1975 (5th Cir.

1994) (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts." (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

**B. FBI Defendants' Motion for Summary Judgment on Plaintiff's Claims**

The FBI Defendants claim that Plaintiff's Carmack Amendment claim does not apply to damage or loss of cargo occurring outside the United States. In addition, they contend that Plaintiff's negligence and bailment causes of action fail because, in order to prevail on those causes of action, Plaintiff would have to establish that the FBI Defendants had possession of the property it alleges was stolen. Plaintiff responds that it needs more time for discovery to determine the role of each of the Defendants with respect to the Shipment, including the role with respect to the contract of carriage and transport of the Shipment, who contracted with Plaintiff's insured to transport the Shipment, who issued the bill of lading, and the conditions of carriage. (William T. Curran Aff. ¶ 8, Dec. 10, 2008.)

Plaintiff also responds that the Carmack Amendment applies to the claim at issue under 49 U.S.C. § 14706(a)(1)(C). In a previous Order, issued after Defendant's Motion was briefed, the Court determined that the Carmack Amendment does not apply to allow recovery for a loss that occurred in Mexico. Consequently, the Court must determine whether it can dispose of Plaintiff's remaining state law claims without more discovery.

**1. Remaining claims**

As a preliminary matter, Plaintiff urges that, where the Carmack Amendment does not apply (for example in actions involving brokers), federal courts apply common law. The Court does not find that these cases support that proposition. *See Project Hope v. M/V IBN SINA*, 250 F.3d 67, 74 (2d Cir. 2007) (applying what it calls the "federal common law" to apportion damages among the carriers, that are liable to original shipper under the Carmack Amendment, but citing cases that

3

explain that the applicable state negligence law governs this apportionment); *Mayflower Transit, Inc. v. Weil Gotshal & Manges, L.L.P.*, 3:00-cv-549-P, 2000 U.S. Dist. Lexis 20299, at *4 (N.D. Tex. Oct. 18, 2000) (explaining that the Carmack Amendment was passed to provide national uniformity that the carrier issuing the bill of lading would be responsible for all damage but not opining on the application of federal common law); *Seidler v. UPS, Inc.*, No. SA-04-CA-0386, 2005 WL 831839, at *1 (W.D. Tex. Mar. 29, 2005) (holding that the court had jurisdiction because claims related to air carriers arose either under the federal common law or as preempted by the Airline Deregulation Act).

Instead, in cases involving shipments to which the Carmack Amendment does not apply, courts typically apply state law to the plaintiff's tort or contract claims. *See, e.g., Chubb Group of Ins. Companies v. H.A. Transp. Systems, Inc.*, 243 F.Supp.2d 1064, 1069 (C.D. Cal. 2002). Some courts have suggested that a good argument exists for the application of federal common law to these claims, but the use of federal common law does not appear to be the standard approach. *See H.A. Transp. Systems, Inc.*, 243 F.Supp.2d at 1069 n.5 (citing dicta from *Commercial Union Ins. Co. v. Forward Air, Inc.*, 50 F.Supp.2d 255, 259 (S.D.N.Y. 1999) for the proposition that federal common law applies to non-Carmack shipment claims because it promotes a nationally uniform approach to claims involving interstate shipments).

In its Answer, Jamco International, Inc., another Defendant, contends that Mexican law applies to Plaintiff's claims. District courts sitting in diversity apply the choice-of-law rules of the forum state. *Mayo v. Hartford Life Ins. Co.,* 354 F.3d 400, 403 (5th Cir. 2004); *Smith v. EMC Corp.*, 393 F.3d 590, 597 (5th Cir. 2004). For tort law, Texas applies the "most significant relationship" test, provided by the Restatement (Second) Conflict of Laws. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000); *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979). In applying this test, courts should consider the following factors:

(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.

Restatement (Second) of Conflicts of Law § 145 (1971).[1] Here, the injury occurred in Mexico. It is unclear, as of now, where the conduct causing the injury occurred, although since the hijacking occurred in Mexico, Mexico is the most probable candidate. The parties are, according to the notice provided by Plaintiff and its Amended Complaint, from England, California, and Texas, respectively. JAMCO notes that, based on the transaction between the British insured, Haworth, and the Mexican manufacturing corporation, the insured appears to do business in Mexico from its offices in England. (Doc. No. 9, ¶ 25.) It appears that the parties communicated via e-mail to arrange transportation for the Shipment and, therefore, there does not appear to be a center of their relationship. The issue has not been briefed, and the Court will defer ruling on the application of Mexican law until more discovery has been conducted.

### 2. Rule 56(f) Motion

In late March, the Court temporarily granted a discovery stay pending the Court's ruling on several Motions, including the one at hand. Subsequently, the Court dismissed the Carmack Amendment claims, determined that it retained jurisdiction, and denied JAMCO's Motion to Transfer the case to Laredo.

Pursuant to Rule 56(f) of the Federal Rules of Procedure, Plaintiff moves to allow more discovery given the early-filed Motions for Summary Judgment. The rule provides:

---

[1] In addition to the contacts analysis, the Restatement test includes consideration of several principles. These principles include: (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied. Restatement (Second) of Conflicts of Law § 6 (1971).

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

FED. R. CIV. P. 56(f); *Beattie v. Madison County School Dist.*, 254 F.3d 595, 605 (5th Cir. 2001). Rule 56(f) Motions are viewed favorably and liberally granted. *Id.* at 605 (internal citations omitted). The party must show (1) why it needs additional discovery and (2) how the discovery will create a genuine issue of material fact. *Six Flags, Inc. v. Westchester Surplus Lines, Inc.*, -- F.3d --, 2009 WL 1058657, at *10 (5th Cir. Apr. 21, 2009); *Beattie*, 254 F.3d at 605. Once the party has demonstrated that diligent efforts to obtain the discovery have been unsuccessful, the continuance of a 56(f) motion "should be granted almost as a matter of course." *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) (internal citations omitted); *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 162 (5th Cir. 2006) (denying a Rule 56(f) motion because the summary judgment non-movant failed to diligently pursue the evidence within the time allotted for a previous continuance).

Here, Plaintiff avers that discovery had just begun and that factual issues remain. For example, a fact issues exists over whether FBI Express was involved in the Shipment. E-mail correspondence suggests that it might be, but the FBI Defendants aver that Freight Brokers was the only FBI Defendant involved. In addition, Plaintiff's counsel contends that discovery is needed to determine the role of each Defendant with respect to the Shipment and to the contract of carriage that governs the shipment and to determine who selected the carrier in Mexico from whom the Shipment was stolen. As claims under Texas state law, or possibly Mexican law, remain in this case and little discovery has been conducted, in part because of the Court's stay, FBI Defendants' Motion for Summary Judgment on Plaintiffs' claims will be denied without prejudice to refiling, so as to allow discovery to proceed for 90 days. The remaining deadlines in the case are unchanged.

### C. Plaintiff's Motion for Referral to ADR

Also pending before the Court is Plaintiff's Motion for Referral to ADR. According to a Certificate of Conference filed with the Court, JAMCO does not oppose the Motion but the FBI Defendants do; P&G's position was unknown when the Certificate was filed. (Doc. No. 67.)

In general, the Court supports parties' attempts to resolve their differences amicably and without judicial assistance. It welcomes the assistance of outside mediators or arbitrators in pursuit of this goal. When the parties do not jointly agree to decide their case using alternative forms of dispute resolution, however, the Court does not compel them. The Court finds no authority, in the Federal Rules of Civil Procedure or in any federal statute, to require unwilling parties to give up their day in court. Consequently, the Court will deny Plaintiff's motion without prejudice and, should the parties' positions change, it will favorably entertain an agreed motion to refer the case to mediation or to pursue other forms of ADR.

## III.   CONCLUSION

The Court now lifts the discovery stay between Plaintiff and Defendants to allow them to pursue discovery for 90 days. It will issue a separate order addressing the cross-claims between JAMCO and the FBI Defendants. Plaintiff's Motion for Referral to ADR (Doc. No. 67) is **DENIED WITHOUT PREJUDICE**. FBI Defendants' Motion for Summary Judgment (Doc. No. 19) is **DENIED WITHOUT PREJUDICE** to allow the parties to pursue discovery on the remaining claims.

**IT IS SO ORDERED**.

SIGNED this 29th day of May, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**