UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NORTHERN MARINE UNDERWRITERS, LTD., <br><br> Plaintiff, <br> v. <br><br> FBI EXPRESS, INC., FREIGHT BROKERS, INC., P AND G TRANSPORT, AND JAMCO, <br><br> Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. H-08-2549 |

## MEMORANDUM AND ORDER

Pending before the Court is the Motion for Summary Judgment on Jamco International's Cross-Claim of Defendants FBI Express, Inc. ("FBI Express") and Freight Brokers, Inc. ("Freight Brokers"). (Doc. No. 20.) Having considered the Motion, all responses thereto, and the applicable law, the Court finds that the Motion for Summary Judgment of Defendants Freight Brokers, Inc. and FBI Express, Inc. ("FBI Defendants") should be denied in part and granted in part.

### I. BACKGROUND

Many of the relevant facts are presented in earlier orders, and the Court will not repeat them here. Jamco, International, Inc. ("JAMCO") asserts a contractual indemnity claim against the FBI Defendants. The FBI Defendants aver that, in the transaction at issue, they executed a contract ("Contract") with JAMCO that provided that JAMCO would act as customs broker to assist Richard Haworth, Ltd. ("Haworth") in clearing the Shipment at issue through U.S./Mexican customs. Haworth allegedly appointed JAMCO as its agent to handle the customs requirements at the border.

1

## II. FBI DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A. Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. FED. R. CIV. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Id.* Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. F.R.C.P. 56(e)(1); *See, e.g., Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *McIntosh v. Partridge*, 540 F.3d 315, 322 (5th Cir. 2008); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1975 (5th Cir. 1994) (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts." (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

### B. Analysis

FBI Defendants contend that the Contract's indemnity provision does not satisfy the fair notice requirements of Texas law.[1] They argue that the indemnity provision at issue only demonstrates that JAMCO contracted for indemnity from the negligence of Freight Brokers, not from the negligence of JAMCO itself. In addition, they contend that the provision was not conspicuous. JAMCO responds that the indemnity provision satisfies the fair notice requirements and that the FBI Defendants failed to establish a lack of actual knowledge. Alternatively, JAMCO contends that it should be allowed leave to conduct more discovery to examine the actual knowledge issue. Moreover, JAMCO asserts that, for causes of action not based on negligence, only the conspicuousness requirement need be satisfied.

A contract provision that shifts the risk of future negligence from one party to another is unenforceable unless it meets the fair notice requirements of conspicuousness and the express negligence doctrine. *See, e.g., Storage & Processors, Inc. v. Reyes*, 134 S.W.3d 190, 191 (Tex. 2004); *Amtech Elevator Services Co. v. CSFB 1998-B1 Buffalo Speedway Office*, 248 S.W.3d 373, 377 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508-09 (Tex. 1993)). Compliance with fair notice requirements is a question of law for the court. *Dresser*, 853 S.W.2d at 509.

### 1. Express Intent to Indemnify

The FBI Defendants argue that the indemnity clause demonstrates only that JAMCO wanted indemnity for the negligence of Freight Brokers. JAMCO contends that the indemnity provision has two separate indemnity clauses: (1) Freight Brokers

---

[1] The Contract specifies that it should be construed according to the laws of the State of Texas, without giving consideration to principals (sic) of conflict of law. (Doc. No. 9, Ex. 2, ¶ 20.) No party contends that any other law applies to the Contract.

indemnifies JAMCO from claims "arising from the importation or exportation of customers merchandise" and (2) Freight Brokers indemnifies JAMCO from claims arising out of Freight Broker's conduct. JAMCO avers that the express negligence doctrine does not require the use of the term negligence in the indemnity provision. In addition, it claims that the Contract at issue is the standard contract provided by the National Customs Brokers & Forwarders Association of America, Inc.[2]

The express negligence doctrine requires that "an intent to indemnify one of the parties from the consequences of its own negligence" must be "specifically stated in the four corners of the document." *Ethyl Corp. v. Daniel Const. Co.*, 725 S.W.2d 705, 707 (Tex. 1987) (adopting the express negligence doctrine); *Amtech Elevator Services Co.* at 377 (citing *Storage & Processors, Inc. v. Reyes*, 134 S.W.3d 190, 192 (Tex. 2004)). *Compare DDD Energy, Inc. v. Veritas DGC Land, Inc.*, 60 S.W.3d 880 (Tex. App.—Houston [14th Dist] 2001, no pet.) (holding that an indemnity clause did not meet the express negligence test because it indemnifies the plaintiff from the defendant's negligence, not the plaintiff from its own negligence) *with Atlantic Richfield Co. v. Petroleum Personnel Inc.*, 768 S.W.2d 724, 726 (Tex. 1989) (holding that an agreement to indemnify ARCO against all liability "in any matter arising from the work performed hereunder, including but not limited to any negligent act or omission of [ARCO] ..." satisfied the express negligence test); *Adams Resources Exploration Corp. v. Resource Drilling, Inc.*, 761 S.W.2d 63, 65 (Tex. App.—Houston [14th Dist.] 1988, no writ) (holding that an agreement providing indemnity for claims "without limit and without

---

[2] FBI Defendants filed an Objection to the Association's contract, submitted with JAMCO's filings, as inadmissible hearsay because it is submitted for the truth of the matter asserted. As JAMCO notes, in its Response to Defendants' Objection, the Court will not rely on the legality, under Texas law, of the Association's contract and consequently, FBI Defendants' hearsay objection will be overruled as moot.

regard to the cause or causes thereof or the negligence of any party or parties" met the express negligence test).

The clause must clearly state that the indemnitee's negligence is covered; an indemnity provision that implies that the indemnity clause applies to claims based on the indemnitee's negligence but does not explicitly state that it applies, is insufficient. *See, e.g., Quorum Health Resources, LLC v. Maverick County Hospital Dist*, 308 F.3d 451, 463-64 (5th Cir. 2002) (holding that an indemnity clause that includes the statement that the Hospital will not indemnify the plaintiff for claims caused by the plaintiff's "gross negligence or willful or wanton misconduct" does not imply that the plaintiff's simple negligence is covered; the provision fails the express negligence test). One appeals court has stated that an indemnity clause meets the express negligence test when the clause itself does not address claims arising from the plaintiff's negligence (covering claims "for failure of its equipment or service in any respect"), but a separate indemnity provision clarifies that the plaintiff's negligence is covered ("if loss, damage or injury" resulted from "performance or nonperformance of obligations imposed by this contract or from negligence, active or otherwise, of ADT, its agents or employees"). *Banzhaf v. ADT Security Systems Southwest, Inc.*, 28 S.W.3d 180 (Tex. App.—Eastland 2000, pet. denied) (explaining that the reference to the plaintiff's negligence need not be contained in the same sentence as the actual indemnity clause).

Here, the Contract's indemnity provision reads:

> **11. Indemnification/Hold Harmless.** [Freight Brokers] agrees to indemnify, defend, and hold [JAMCO] harmless from any claims and/or liability arising from the importation or exportation of customers (sic) merchandise and/or any conduct of [Freight Brokers] which violates and (sic) Federal, State and/or other laws, and further agrees to indemnify and hold [JAMCO] harmless against any and all liability, loss, damages, costs,

5

> claims and/or expenses, including but not limited to reasonable attorney's fees, which [JAMCO] may hereafter incur, suffer or be required to pay by reason of such claims; in the event that any claim, suit or proceeding is brought against [JAMCO], it shall give notice in writing to [Freight Brokers] by mail at its address on file with [JAMCO].

(Doc. No. 9, Ex. 2 ¶ 11.) The Contract indicates that:

> [JAMCO] acts as the "agent" of [Freight Brokers] for the purposes of performing duties in connection with the entry and release of goods, post entry services, the securing of export licenses, the filing of export documentation on behalf of [Freight Brokers] and other dealings with Government Agencies; as to all other services, [JAMCO] acts as an independent contractor.

(Doc. No. 9, Ex. 2 ¶ 2.)

These provisions do not meet the express negligence test. Even if, as JAMCO contends, the indemnity provision's use of "and/or an conduct of [Freight Brokers]" means that, (1) emphasizing the "or" in "and/or", Freight Brokers separately indemnifies JAMCO for claims or liability arising "from the importation or exportation of customers' merchandise", and (2) JAMCO is the only party that could import or export customers' merchandise because of paragraph 2, these two provisions do not expressly discuss indemnity for Freight Broker's liability for JAMCO's negligence. *Cf. Banzhaf*, 28 S.W.3d 180. The indemnity clause is ambiguous as to who is indemnified, and for what; it is therefore unenforceable. *See Cabo Const., Inc. v. R S Clark Const., Inc.*, 227 S.W.3d 314, 318 (Tex. App.—Houston [1 Dist.] 2007, no pet) (holding that an ambiguous indemnity clause does not meet the express negligence test and is unenforceable). This indemnity clause, with respect to Freight Broker's indemnification of damages arising from JAMCO's negligence, is unenforceable as a matter of law. Consequently, the Court need not reach the question of whether the indemnity provision was conspicuous.

### 2. Lack of Actual Knowledge

The fair notice requirements are not applicable when the indemnitee establishes that the indemnitor possessed actual notice or knowledge of the indemnity agreement. *Reyes*, 134 S.W.3d at 192; *Dresser Industries, Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993). *See generally Cate v. Dover Corp.*, 790 S.W.2d 559, 561 (Tex. 1990) (holding that a written disclaimer of the implied warranty of merchantability is unenforceable unless it is conspicuous or unless the buyer had actual knowledge). For example, in *Reyes*, an employer produced an affidavit that a supervisor explained the terms of the contract to the employee in his native language, after which the employee signed an acknowledgment that he understood the contract; the employee's denial of these events created a fact question as to whether the employee had actual knowledge of the terms, including the indemnity provision. *Storage & Processors, Inc. v. Reyes*, 134 S.W.3d 190, 191 (Tex. 2004). Actual knowledge is an affirmative defense that the party in the position of enforcing the indemnity clause, here JAMCO, must prove. *Dresser*, 853 S.W.2d at 508 n.2.

JAMCO contends that FBI Defendants had knowledge of the indemnity provision because Donald Pollock, Freight Broker's President, signed the agreement. Texas courts have rejected this contention because holding that the parties have actual knowledge of any contract they sign would vitiate the policy goals behind the fair notice requirements—intended to provide protection from crafty drafting that hides or obscures indemnity provisions. *American Home Shield Corp. v. LaHorgue*, 201 S.W.3d 181, 186-87 (Tex. App.—Dallas 2006, pet. denied) (holding that something more is required beyond signing the agreement, citing *Reyes*).

In the alternative, JAMCO requests time for additional discovery to determine whether a fact issue exists regarding Pollock's actual knowledge of the indemnity provision. JAMCO has not established as a matter of law that the FBI Defendants had actual knowledge of the indemnity provision such that the issue should be decided in its favor. In addition, JAMCO has not submitted an affidavit testifying that more discovery is needed on particular issues that would create a fact question regarding actual knowledge.[3] *See, e.g. Dreyer v. Yelverton*, 291 Fed. Appx. 571, 578-79 (5th Cir. 2008) (not designated for publication) (upholding a district court's denial of the plaintiff's request for more discovery when he did not submit an affidavit and did not suggest what the discovery would likely produce); *Adams v. Travelers Indemn. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006) (explaining that a party cannot evade summary judgment by relying on vague assertions that additional discovery will produce unspecified facts). The Court will, therefore, grant the FBI Defendants' Motion as to all claims subject to the express negligence test.

### 3. Whether Plaintiff's Other Claims are Negligence-Based

Both parties note that the express negligence rules only apply to claims based on negligence. *DDD Energy, Inc. v. Veritas DGC Land, Inc.*, 60 S.W.3d 880 (Tex. App.—

---

[3] FED. R. CIV. P. 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

FED. R. CIV. P. 56(f); *Beattie v. Madison County School Dist.*, 254 F.3d 595, 605 (5th Cir. 2001). Rule 56(f) Motions are viewed favorably and liberally granted. *Id.* at 605 (internal citations omitted). The party must show (1) why it needs additional discovery and (2) how the discovery will create a genuine issue of material fact. *Six Flags, Inc. v. Westchester Surplus Lines, Inc.*, -- F.3d --, 2009 WL 1058645, at *10 (5th Cir. Apr. 21, 2009); *Beattie*, 254 F.3d at 605.

Houston [14th Dist] 2001, no pet.). Plaintiff brings three claims: a Carmack Amendment/contract claim[4], a bailment claim, and a negligence claim. JAMCO contends that the bailment claim sounds in contract and is not a negligence-based claim. The FBI Defendants respond that a defendant in a breach of bailment case is held to an ordinary or reasonable standard of care such that a bailment action is a negligence action for purposes of the express negligence rule. They also contend that a Carmack Amendment claim is based on negligence. Because the Court has determined that the Contract does not require that FBI Defendants indemnify JAMCO for claims based on JAMCO's negligence, it need not reach the issue of whether the bailment and breach of bill of lading contract claim are essentially negligence claims such that that the FBI Defendants must indemnify JAMCO should the Court find JAMCO liable.

### 4. Freight Brokers is not necessarily part of the Contract

JAMCO avers that the FBI Defendants have failed to conclusively establish that FBI Express was not a party to the JAMCO Contract. It contends that Pollock only signed in his capacity as "President" but does not specify what company he represented at the time. Moreover, JAMCO highlights language in the contract that defines "customer" as the person for whom JAMCO is rendering services as well as its agents or representatives. JAMCO notes that the FBI Defendants have not established that FBI Expreess is not an agent of Freight Brokers.

Pollock signed the contract on behalf of Freight Brokers. (Doc. No. 9, Ex. 2, at 3.) The cover page of the contract, however, lists both Freight Brokers and FBI Express. (Doc. No. 9, Ex. 2, at 1.) As this argument was addressed to the enforceability of the

---

[4] The Court has previously held that the Carmack Amendment does not apply to Plaintiff's claims because the damage at issue occurred in Mexico; consequently, Plaintiff's alternative breach of contract claim remains as Plaintiff's first cause of action, rather than a Carmack Amendment claim.

9

indemnification clause, the Court will defer ruling on this issue until it become part of another live controversy in this case. FBI Defendants' Motion for Summary Judgment as to this contention will be dismissed without prejudice to reassertion.

### 5. Freight Brokers' requirement to Indemnify JAMCO for its own conduct

JAMCO cites FBI Defendants' Motion for their concession that the Contract is effective to indemnify JAMCO from accepting responsibility for the conduct of Freight Brokers and, on that basis alone, contends that summary judgment is improper as to claims based on Freight Brokers' own conduct. In its Answer, JAMCO "asserts a claim for indemnity and contribution from [the FBI Defendants] for any damages awarded to [Plaintiff] against JAMCO." (JAMCO Answer ¶ 26, Doc. No. 9.) Consequently, FBI Defendants' Motion will be denied as to any claims that are awarded against JAMCO based on FBI Defendants' conduct.

### III. CONCLUSION

FBI Defendants' Objection to JAMCO's Rejoinder (Doc. No. 48) is **OVERRULED**. Defendants' Motion for Summary Judgment on Jamco International's Cross-Claim is **GRANTED** as to all damages awarded to Plaintiff based on JAMCO's negligence but **DENIED** as to all damages potentially awarded to Plaintiff based on FBI Defendants' conduct and as to whether FBI Express is a party to the Contract.

**IT IS SO ORDERED.**
SIGNED this 29 day of May, 2009.

_Keith P. Ellison_
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**